IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Bruce W. Thompkins,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　　)
　　　vs.　　　　　　　　　　　　　　　　 )　　Civil Action No. 15-200
　　　　　　　　　　　　　　　　　　　　　)
Carolyn W. Colvin,　　　　　　　　　　　 )
Acting Commissioner of Social Security, )
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　　　　　)

AMBROSE, Senior U.S. District Judge


**MEMORANDUM OPINION AND ORDER OF COURT**

　　　　Pending are Defendant's Motion to Dismiss Plaintiff's Complaint and Brief in Support. [ECF Nos. 7, 8]. Plaintiff opposes Defendant's Motion. [ECF No. 10]. The Motion is denied.

　　　　Plaintiff commenced this social security action on February 12, 2015, by filing a Motion for Leave to Proceed in forma pauperis. [ECF No. 1]. Plaintiff's Motion was granted on February 17, 2015, and his Complaint was filed on that same date. [ECF No. 2]. Plaintiff's Complaint seeks judicial review pursuant to 42 U.S.C. § 405(g) of the Social Security Administration's denial of his December 22, 2011 applications for disability insurance benefits (DIB) under Title II of the Social Security Act ("Act") and supplemental security income (SSI) under Title XVI of the Act. Id.; see also Def.'s Brief in Support [ECF No. 8], Ex. 2.

　　　　Defendant moves to dismiss Plaintiff's Complaint on the grounds that it was untimely filed. [ECF No. 7, 8]. Defendant notes that 42 U.S.C. § 405(g) states:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision <u>by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow</u>.

42 U.S.C § 405(g) (emphasis added). Applicable social security regulations further provide that "the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c) (emphasis added). The Appeals Council in this case denied Plaintiff's request for review of the ALJ's decision by letter dated November 25, 2014. See Declaration of Kathie Hartt ("Hartt Decl.") [ECF No. 8-1] ¶ 3(a); see also ECF No. 8-2. The letter does not specify whether the 60-day filing period refers to calendar days or business days. See id. Defendant argues that, adding 5 additional days for mailing, Plaintiff was required to commence a civil action by January 29, 2015. Because he did not commence this action until February 12, 2015 – fifteen days later, his claim is untimely and must be dismissed. [ECF No. 8, at 3].

This argument is without merit. As Defendant acknowledges, the Commissioner may toll the 60-day deadline for commencing a civil action in certain cases where the equities lie in favor of tolling. See ECF No. 8, at 3-4 (citing Bowen v. City of New York, 476 U.S. 467, 480 (1986)). The Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate in three principal situations: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Kramer v. Comm'r of Soc. Security, 461 F. App'x 167, 169 (3d Cir. 2012) (quoting Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir.1994)). The plaintiff bears the burden of establishing that equitable tolling applies, and the courts should apply the doctrine only sparingly. Courtney v. La Salle Univ., 124 F.3d 499, 505 (3d Cir.1997); Russo v. American Airlines, Inc., 340 F. App'x 816, 818 (3d Cir. 2009).

Plaintiff contends that equitable tolling is appropriate in this case because, while unrepresented by counsel, he contacted the Social Security Administration by telephone and was misadvised that he should include only business days in calculating the 60-day filing period.

[ECF No. 10, ¶ 4].[1]  Plaintiff states that, based on this representation, he contacted the Westmoreland County Lawyer Referral Service on February 2, 2015, and first met with counsel on February 12, 2015.  Id. ¶ 5.  Plaintiff filed his Complaint on the same day he met with counsel, within a period of 60 business days from the date of the Appeals Council notice.  Id. Misinformation or misleading instructions from a court may form the basis for equitable tolling. See, e.g., Jackson v. Astrue, 506 F.3d 1349, 1356-57 (11th Cir. 2007) (court would be willing to equitably toll a statute of limitations where there was evidence that a claimant was misinformed by a court's misleading actions or instructions, even in the absence of deliberate concealment). In Manley v. New York City Police Dep't, No. CV-05-679(FLB), 2005 WL 2664220, at *4 (E.D.N.Y. 2005), the court declined to apply equitable tolling where a plaintiff simply assumed a 90-day filing period included only business days without asking for clarification of the rule.  See id. ("If [the plaintiff] realized prior to the expiration of the . . . period that he was uncertain about the rule . . . , diligence required him to seek clarification from the EEOC or another source . . . .").  The court, however, suggested it would have found differently had the plaintiff sought such clarification and been misinformed.  See id. (finding that equitable tolling did not apply "in the absence of any allegation that the [agency] . . . misled [the plaintiff] into believing that a more generous limitations period applied").  Here, Plaintiff exercised exactly the diligence lacking in Manley by calling the social security administration to obtain clarification of the filing period.[2]  In light of Plaintiff's representation that an Administration employee informed him that the limitations period included only business days; Plaintiff's unrepresented status at the time of that misinformation; and the fact that Plaintiff filed his Complaint within the timeframe represented to him and on the same day he first met with counsel, I find that this is one of the rare cases in

---

[1] Plaintiff attached a signed Verification to his Response averring that the statements therein are true and correct to the best of his knowledge, information, and belief.  [ECF No. 10-1].

[2] The Notice of Appeals Council Action provided an agency phone number to call with any questions regarding the notice.  [ECF No. 8-2].

which equitable tolling is appropriate. For these reasons, Plaintiff's action should not be dismissed on untimeliness grounds.

AND NOW, this 28th day of July, 2015, for the reasons set forth above, IT IS ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint [ECF No. 7] is DENIED. IT IS FURTHER ORDERED that Defendant's Answer to Plaintiff's Complaint is due by August 11, 2015.

BY THE COURT:

/s/Donetta W. Ambrose
Donetta W. Ambrose
Senior Judge, U.S. District Court

DATE: July 28, 2015