IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRUCE W. THOMPKINS, )
        Plaintiff, )
)
-vs- ) Civil Action No. 15-200
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 15 and 18). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 16 and 19). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 15) and granting Defendant's Motion for Summary Judgment. (ECF No. 18).

**I.    BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to the Social Security Act ("Act").[1] Plaintiff filed his applications alleging he had been disabled since December 31, 2008.[2] (ECF No. 13-6, pp. 8, 15, 17). Administrative Law Judge ("ALJ"), Geoffrey S. Casher, held a hearing on May 8,

---

[1] Later, Plaintiff filed an Agreement to Waive his DIB claim. (ECF No. 13-6, pp. 42-43). Thus, it appears as though Plaintiff was pursuing only a SSI claim. (ECF No. 13-6, pp. 44-45). Nonetheless, the Administrative Law Judge ("ALJ") made a determination as to both DIB and SSI claims. (ECF No. 13-2, p. 21).

[2] Plaintiff filed a Motion to Amend the alleged onset date to be December 22, 2011. (ECF No. 13-6, p. 41). While the ALJ does not acknowledge this in the procedural history section of his determination, the ALJ sets forth the December 22, 2011 date when he makes his final decision that Plaintiff is not disabled. (ECF No. 13-2, pp. 13 and 21). Therefore, it is implied that the ALJ granted said Motion to Amend.

2013.³ (ECF No. 9-2, pp. 25-84). On August 7, 2013, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 13-2, pp. 13-21).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 11 and 13). The issues are now ripe for review.

## II.    LEGAL ANALYSIS

### A.    Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,*

---

³For clarification purposes, I note that in his decision, the ALJ stated that Plaintiff appeared and testified at the hearing held on May 8, 2013. (ECF No. 13-2, p. 13). This is incorrect. Neither Plaintiff nor his counsel appeared at the hearing on May 8, 2013. (ECF No. 13-2, pp. 26-33).

786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. <u>Medical Opinion Evidence</u>

Plaintiff essentially argues that that the ALJ erred in assessing the medical evidence as it relates to Dr. Herrle (the treating doctor) and Dr. Lebeau (a non-examining state agency doctor). (ECF No. 15, pp. 3-4 and ECF No. 16). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed,

3

longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, there were conflicting medical opinions. (ECF No. 13-2, pp. 15-19). The ALJ gave Dr. Herrle's opinion little weight because he found it was inconsistent with the medical evidence of record and his own objective findings. (ECF No. 13-2, p. 18). These are valid and acceptable reasons for discounting opinion evidence. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). Furthermore, I find there is substantial evidence of record to

4

support the ALJ's weighing of the opinion of Dr. Herrle.  *See,* ECF No. 13-2, pp. 16-19. Consequently, I find no error in this regard. [4]

In contrast, the ALJ gave great weight to the opinion of Dr. Lebeau.[5] (ECF No. 13-2, p. 18). State agency opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)...."). The ALJ gave Dr. Lebeau's opinion great weight because it was "consistent with the medical evidence of record, and the objective findings by treating and examining physicians of the claimant's condition." (ECF No. 13-2, p. 18). These are all valid and acceptable reasons. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). After a review of the record, I find the reasons given by the ALJ in weighing the conflicting opinions to be sufficiently explained and supported by substantial evidence of record. (ECF No. 13-2, pp. 16-19). Therefore, I find no error in this regard on the part of the ALJ. Consequently, remand is not warranted on this basis.

### C. **Activities of Daily Living**

Plaintiff also seems to argue that the ALJ erred in considering and relying upon his ability to perform activities of daily living as a basis for the denial of benefits "as these activities do not equate to the ability to perform 'substantial gainful employment.'" (ECF No. 15, p. 4). Contrary to Plaintiff's position, I find the ALJ did not equate his ability to do daily activities with the ability to perform substantial gainful activity. *See,* ECF No. 13-2. If the ALJ had equated his

---

[4] Plaintiff also seems to suggest that the ALJ erred in failing to give great weight to Dr. Herrle's opinion that Plaintiff was temporarily disabled (as set forth in the Employability Assessment Form used by the Department of Public Welfare found at ECF No. 13-9, p. 43). (ECF No. 15, p. 3). I find no merit to this argument. To be clear, the ultimate decision of disability as it relates to social security claims is reserved solely for the ALJ. 20 C.F.R. §§ 404.1527, 416.927. Thus, the ALJ was not required to give this opinion any weight or special significance. Therefore, I find no error in this regard.

[5] I note that the ALJ also gave great weight to the opinion of Dr. Reardon, a non-examining state agency doctor. (ECF No. 13-2, p. 18). Plaintiff, however, does not make any specific objections to this assessment by the ALJ. *See,* (ECF Nos. 15 and 16).

5

ability to do daily activities with substantial gainful activity, then the ALJ would have found Plaintiff not disabled at step 1 and the analysis would have ended there. As the ALJ noted, "[a]t step one, the undersigned must determine whether the claimant is engaging in substantial gainful activity....If an individual engages in SGA, he is not disabled, regardless of how severe his physical or mental impairments are and regardless of his age, education, and work experience. If the individual is not engaging in SGA, the analysis proceeds to the second step." (ECF No. 13-2, p. 14). The ALJ's analysis did not end at step 1. *See,* ECF No. 13-2, p. 15.

Additionally, an ALJ is required to consider, *inter alia,* a plaintiff's activities of daily living. *See,* Social Security Ruling 96-7p and 20 C.F.R. §§404.1529, 416.929. In this case, the ALJ did exactly that. (ECF No. 5-2, pp. 27-28). Specifically, the ALJ noted that the Plaintiff is able to "care for his personal needs, prepare meals, vacuum, do dishes, walk, shop, play chess, watch television, pay bills, count change, handle a savings account, and use a checkbook/money orders (Exhibit 3E)." (ECF No. 13-2, p. 18). I find this statement to be supported substantial evidence. (ECF No. 13-7, pp. 14-21). Consequently, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRUCE W. THOMPKINS,                )
                                   )
    Plaintiff,                     )
                                   )
-vs-                               )     Civil Action No. 15-200
                                   )
CAROLYN W. COLVIN,                 )
COMMISSIONER OF SOCIAL SECURITY,   )
                                   )
    Defendant.                     )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 15th day of March, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 15) is denied and Defendant's Motion for Summary Judgment (Docket No. 18) is granted.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge